**Melvin LINDSAY, Petitioner-Appellant,**

v.

**John N. MITCHELL, United States Attorney General, et al., Respondents-Appellees.**

**No. 71-3213**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1972.

---

Melvin Lindsay, pro se.

John N. Mitchell, Atty. Gen., Dept. of Justice, Washington, D. C., John W. Stokes, Jr., U. S. Atty., Charles A. Pannell, Jr., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Lindsay, a federal prisoner, appeals from the denial of his pro se petition for writ of habeas corpus against the Attorney General of the United States and the warden of the United States Penitentiary at Atlanta, Georgia. The District Court treated the petition as one for writ of mandamus.

Appellant alleges that his transfer to the federal penitentiary at Atlanta, Georgia, from the Lewisburg, Pennsylvania, penitentiary is cruel and unusual punishment inasmuch as it deprives him of seeing his family who reside in Pennsylvania and are unable to travel to Atlanta because of indigency. The District Court properly dismissed this claim. 18 U.S.C. § 4082; Mullican v. United States, 5 Cir., 1958, 252 F.2d 398. Appellant further alleges that he is being deprived of good-time credit, which issue the District Court failed to consider, necessitating our remanding for an evidentiary hearing and appropriate findings and conclusions.

Although the petition is inarticulately drawn, it is apparent therefrom that appellant is protesting the arbitrary failure of prison authorities to restore forfeiture of credit for the alleged earned good time. It is immaterial that the remedy sought will not result in his immediate release. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426 (1968). See also Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L. Ed.2d 718 (1969); Glazier v. Hackel, 9 Cir., 1971, 440 F.2d 592. While forfeiture of good-time credit is a function which addresses itself to prison administration, subject to supervision by the Attorney General of the United States, 18 U.S.C. §§ 4165, 4166; Gilchrist v. United States, 5 Cir., 1970, 427 F.2d 1132, an alleged abuse of that function constitutes proper grounds for federal judicial review. Sexton v. United States, 5 Cir., 1970, 429 F.2d 1300. In the absence of findings by the District Court, we have no way of determining whether such abuse exists. Exhibits attached to appellant's petition show his attempts to obtain the relief sought, including a letter from the Director of the Bureau of Prisons acknowledging his request for restoration of credit. Thus it

appears petitioner has exhausted his administrative remedies and his resort to judicial review is proper. 18 U.S.C. § 4166; Gilchrist v. United States, supra.

The order is vacated and the matter is remanded for hearing on the good-time credit issue; affirmed in all other respects.