**Glen Dale SEAWELL, Petitioner-Appellant,**

v.

**Warden W. H. RAUCH, Respondent-Appellee.**

No. 75–2637.

United States Court of Appeals, Ninth Circuit.

June 14, 1976.

Allen M. Ressler (argued), Seattle, Wash., for petitioner-appellant.

J. Ronald Sim, Asst. U. S. Atty. (argued), Seattle, Wash., for respondent-appellee.

## OPINION

Before MOORE * and DUNIWAY, Circuit Judges, and TAYLOR **, District Judge.

PER CURIAM:

Appellant has appealed from an Order of the District Court for the Western District of Washington, made and entered on April 22, 1975, dismissing his petition for a writ of habeas corpus. We affirm.

After serving approximately six years of a ten year term of imprisonment at various federal institutions for a crime of bank robbery, appellant escaped on or about November 20, 1974 while at the Community Treatment Center in Oakland, California. On November 25, 1974, a committee of the Center held an in absentia good time forfeiture hearing at which 504 days of good time earned by appellant, pursuant to Title 18 U.S.C. § 4161, and 90 days good time earned pursuant to 18 U.S.C. § 4162, were forfeited under and pursuant to the guidelines set forth in Bureau of Prisons Policy Statement 7400.6A, August 13, 1971, which provides in pertinent part:

"When an inmate escapes from custody good time forfeiture action may be taken in the absence of the inmate by the Adjustment Committee of the institution from which the escape occurred."

Subsequently, appellant was returned to the penitentiary at McNeil Island. Prior to the forfeiture of the earned good time, appellant's mandatory release date was March 14, 1975.

The issues presented are whether the in absentia forfeiture of appellant's good time violated his right to due process of law; and whether the District Court erred in concluding that appellant was required to exhaust his administrative remedies.

■ Petitioner contends that even though he escaped during his term of imprisonment, it was a violation of his due process rights to forfeit his earned good time, at a hearing for that purpose, during his absence. In the circumstances here of an admitted escape, there does not appear to be any particular reason for granting a hearing since, under and pursuant to 18 U.S.C. § 4165, all or part of appellant's good time could be forfeited. However, it is our view that since the government could not have been prejudiced, it would have been more appropriate to have deferred the hearing until after appellant was recaptured.

In *Wolff v. McDonnell,* 418 U.S. 539, 560–561, 94 S.Ct. 2963–2977, 41 L.Ed.2d 935 (1974), it is stated:

"For the prison inmate, the deprivation of good time is not the same immediate disaster that the revocation of parole is for the parolee. The deprivation, very likely, does not then and there work any change in the conditions of his liberty. It can postpone the date of eligibility for parole and extend the maximum term to be served, but it is not certain to do so, for good time may be restored. . . . The deprivation of good time is unquestionably a matter of considerable importance."

When appellant was returned to the penitentiary, he had the right under and pursuant to 18 U.S.C. § 4166 to request the restoration of all or a portion of the good time which had been forfeited.[1] The record

---

* Honorable Leonard P. Moore, Senior United States Circuit Judge, Second Circuit, sitting by designation.

** Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.

1. "The Attorney General may restore any forfeited or lost good time or such portion thereof as he deems proper upon recommendation of the Director of the Bureau of Prisons."

before us does not indicate or show that petitioner initiated any such proceeding.

It is reasonable to believe that had he taken such action, he may have received some relief. In our opinion, this is an administrative proceeding which appellant should have exhausted before seeking relief in the courts.

Appellant asserts that he made demands on both his case manager and counselor for restoration of his good time which went unheeded and any further requests would have been futile. There is nothing in the record which indicates or shows that had appellant made an attempt to proceed under and pursuant to 18 U.S.C. § 4166, his efforts would have been futile. There does not appear to be any reason why he cannot do so now.

■ We are of the view that before a prisoner should avail himself of judicial review for loss of good time, he must first exhaust his administrative remedies by applying to the Director of the Bureau of Prisons for a recommendation to restore his forfeited good time, which is subject to being restored by the Attorney General on that recommendation. 18 U.S.C. § 4166; *Williams v. United States,* 431 F.2d 873 (5th Cir. 1970); *Gilchrist v. United States,* 427 F.2d 1132 (5th Cir. 1970); *Smoake v. Willingham,* 359 F.2d 386 (10th Cir. 1966); *Cannon v. Willingham,* 358 F.2d 719 (10th Cir. 1966).

■ Since appellant never exhausted his administrative remedies prior to filing his petition for a writ of habeas corpus, we affirm the judgment of the District Court.