**Luchai RUVIWAT, Petitioner-Appellant,**

v.

**William French SMITH, Attorney General of the U.S.; and Robert Christensen, Warden, Respondents-Appellees.**

No. 82–5070.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1982.

Decided March 18, 1983.

Joseph F. Walsh, Los Angeles, Cal., for petitioner-appellant.

Sharon McCaslin, Asst. U.S. Atty., Los Angeles, Cal., for respondents-appellees.

Before SNEED and SKOPIL, Circuit Judges, and INGRAM,* District Judge.

PER CURIAM:

Appellant Luchai Ruviwat, a federal prisoner, appeals from the decision of a district court dismissing his petition for a writ of habeas corpus for failure to exhaust administrative remedies. Appellant claims that the United States Parole Commission denied him parole improperly and deprived him due process of law by going outside of its guidelines in setting a release date.

In 1975, appellant was sentenced to a 30-year prison term for unlawful distribution of heroin for importation into the United States, conspiracy to import and distribute heroin, and distribution of heroin.

Appellant initially appeared before the Parole Commission in April, 1976. Appellant was informed that he was to be kept in confinement beyond the usual guideline period of 24 to 36 months because he was "involved in an ongoing criminal enterprise of significant magnitude, international in scope, and unusual sophistication was utilized in the commission of the offense." Appellant did not appeal pursuant to 28 C.F.R. Sections 2.25 and 2.26.

A second parole hearing was held in April, 1979. The Hearing Examiner Panel divided in its recommendation and the matter was ultimately referred to the National Commissioners, who determined that appellant should be continued in confinement for a 10-year reconsideration hearing. In July, 1981, another interim hearing was conducted. The panel recommended that there be no change in the 10-year reconsideration date of August, 1989. A statutory interim hearing was set for July, 1983. Appellant

---

* The Honorable William A. Ingram, United States District Judge, Northern District of California, sitting by designation.

did not appeal the decision to the Regional Commissioner as provided in 28 C.F.R. Section 2.25, but instead, applied to the district court for a writ of habeas corpus. In his application he alleged that he had been deprived a meaningful parole hearing and due process of law. He claimed that he was denied a meaningful hearing because the hearing officer and the Parole Commission ignored his good institutional adjustment in denying him a parole date. He further asserted that he was denied due process of law because the Parole Commission improperly based its decision on the same facts which led to his conviction in computing the guideline period and in deciding to set a release date outside that period. Relying upon *Seawell v. Rauch*, 536 F.2d 1283 (9th Cir.1976), the district court dismissed the petition because petitioner had failed to exhaust his administrative remedies.

By this appeal, appellant contends that the doctrine of exhaustion of administrative remedies imposes an inappropriate obstacle to the obtaining of a ruling upon a habeas corpus petition involving federal parole matters, and that this case involves extraordinary circumstances, requiring equitable consideration, even though legal remedies have not been exhausted.

The requirement of the exhaustion of administrative remedies before filing for habeas corpus relief in a parole matter has not been previously addressed in this circuit.[1] However, four other circuits have considered the question and have concluded that exhaustion is required. *Arias v. United States Parole Commission*, 648 F.2d 196 (3rd Cir.1981); *Clonce v. Presley*, 640 F.2d 271 (10th Cir.1981) (per curiam); *Guida v. Nelson*, 603 F.2d 261 (2nd Cir.1979) (per curiam); *Pope v. Sigler*, 542 F.2d 460 (8th Cir.1976) (per curiam).

■ We now adhere to the doctrine of the necessary exhaustion of administrative remedies as set forth in the opinions of the circuits previously cited. We find per-

suasive the reasoning that the requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

■ Even if exhaustion is required, appellant argues that a federal court should hear his petition due to extraordinary circumstances. Appellant contends that this case is extraordinary because: (1) the Parole Commission acted arbitrarily and unfairly, and appellant had already unsuccessfully been through the parole appeals process; (2) the administrative appeals process is too lengthy; and (3) the district judge should have decided whether or not the Parole Commission may lawfully use the signal factor to establish a salient factor score and to go beyond the guidelines.

We do not find appellant's petition sufficiently extraordinary to warrant a remand. The alleged arbitrary action of the Parole Commission could be cured through administrative review without burdening the courts, and appellant has supplied no evidence which indicates that the appeals process was so lengthy as to be extraordinary. Moreover, the Parole Commission has been given wide discretion and may for "good cause" grant or deny release notwithstanding the guidelines. 18 U.S.C. Section 4206(c).

Thus appellant must exhaust administrative remedies before challenging his federal custody by habeas corpus.

AFFIRMED.

---

1. In *Brady v. Smith*, 656 F.2d 466 (9th Cir. 1981), an action wherein plaintiff sought injunctive relief and damages because of purported overcrowding at a federal prison, we affirmed the district court's dismissal of the complaint on the grounds of mootness and for the failure to state a claim for which relief could be granted. We specifically did not reach the question of whether a federal prisoner must exhaust administrative remedies regarding conditions of confinement because of the disposition of the appeal on other grounds.