**Thomas Graham PARKS,**
**Plaintiff-Appellant,**

v.

**Robert CHRISTENSEN,**
**Defendant-Appellee.**

**No. 83–5942.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 1984.*

Decided Jan. 15, 1985.

Donald W. Beacham, Culver City, Cal., for plaintiff-appellant.

Leon W. Weidman, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before KILKENNY, ANDERSON and BEEZER, Circuit Judges.

KILKENNY, Circuit Judge:

Thomas Parks (appellant) appeals from the district court's denial of his petition for a writ of habeas corpus. Appellant contends that a prison disciplinary committee's decision in 1976 that he forfeit 141 days of extra good time must be vacated in light of a subsequently issued regulation that prohibits the forfeiture of extra good time as a disciplinary measure. 28 CFR § 523.17(q). The question presented is a legal one, *viz.,* whether this regulation is to be applied retroactively. Being a question of law, we review *de novo. United States v. Launder,* 743 F.2d 686, 688–89 (CA9 1984).

There are essentially two types of good time credit. Statutory good time is awarded an inmate for good conduct, 18 U.S.C. § 4161, while extra good time rewards an inmate for prison industrial employment or for "performing exceptionally meritorious service or ... duties of outstanding importance in connection with institutional operations." 18 U.S.C. § 4162. Federal prison

* The panel finds this case appropriate for submission without oral argument pursuant to CA9

Rule 3(f) and FRAP 34(a).

officials were traditionally authorized to punish recalcitrant inmates by imposing forfeitures of both statutory and extra good time prior to the issuance of 28 CFR § 523.17(q). *See* Federal Prison System Policy Statement 5270.2 at paragraph 9(d)(5) (1975). Neither Congress nor the courts recognized the distinction between statutory and extra good time for punishment purposes before promulgation of 28 CFR § 523.17(q), and both types of good time were equally forfeitable. *See, e.g.,* 18 U.S.C. § 4165 ("If during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited."). *Accord, Seawell v. Rauch,* 536 F.2d 1283, 1284 (CA9 1976) (per curiam).

Beyond question, 28 CFR § 523.-17(q) clearly represents the creation of a right to be free from forfeiture of extra good time, which forfeiture the statutes, case law, and prison regulations formerly allowed. Because the regulation creates a new right, it must be deemed to apply prospectively only, in the absence of any showing of a contrary intent. *Greene v. United States,* 376 U.S. 149, 160, 84 S.Ct. 615, 621, 11 L.Ed.2d 576 (1964) (statutes and regulations). *Cf., Nelson v. Serwold,* 687 F.2d 278, 284 (CA9 1982) (statutes). Appellant's forfeiture having occurred three years prior to the promulgation of 28 CFR § 523.17(q), the district court properly rejected his claim. AFFIRMED.