**James L. TATUM, Plaintiff-Appellant,**

**v.**

**Robert CHRISTENSEN, Defendant-Appellee.**

**Nos. 85–5790, 85–6132.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 1986.*

Decided April 8, 1986.

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f).

James L. Tatum, pro se.

David G. Freedman, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before FLETCHER, FERGUSON, and NELSON, Circuit Judges.

PER CURIAM:

Pro se petitioner James L. Tatum appeals the dismissal of his habeas corpus petition challenging a Parole Commission determination revoking his parole. We affirm.

### I.

In May 1965 the United States District Court sentenced Tatum to fifteen years in prison following his conviction for forgery and counterfeiting in violation of 18 U.S.C. § 471. He was paroled June 16, 1975. In 1979, while on parole, Tatum was indicted on four felony counts: committing perjury to a grand jury, conspiracy to maliciously destroy property, aiding and abetting in, and the malicious destruction of property by means of explosives.

In 1980, after the five-year statutory supervision period,[1] the Parole Commission made a preliminary determination that Tatum should continue on supervised parole. After Tatum was notified of this decision, he signed a Termination Notice/Waiver form which stated that, by waiving a section 4211(c)(1) hearing, he understood that he would remain under supervision according to the conditions of his release. Tatum alleges that he was not told what the form meant, and that he thought it terminated his parole.

---

1. 18 U.S.C. § 4211(c)(1) provides:

    Five years after each parolee's release on parole, the Commission shall terminate supervision over such parolee unless it is determined, after a hearing conducted in accordance with the procedures prescribed in section 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law.

In December 1980 a jury in the United States District Court convicted Tatum of making a false declaration to a grand jury in violation of 18 U.S.C. § 1621. Tatum fled the jurisdiction while released on bail pending sentencing. In January 1982 he was apprehended and sentenced to concurrent terms of five years for perjury and four years for bail jumping.

After Tatum's 1980 conviction, the Parole Commission issued a parole violation warrant based on that conviction, failure to report a change of address, and failure to submit a monthly supervision report. The Parole Commission issued supplemental warrants in June 1981 and in April and September 1982, adding charges of malicious destruction of property, unauthorized association with persons having criminal records, and conviction for bail jumping.

In January 1983 Tatum received a combined dispositional revocation/initial hearing ("1983 Hearing") to determine the parole dates for his 1965 sentence and his new perjury/bail jumping sentence. At the 1983 Hearing, Tatum stated that he did not have the in-person hearing required by 18 U.S.C. § 4211(c)(1) on the extension of his parole term beyond five years ("Parole Extension Hearing"). The panel made no findings on this allegation. The panel found that Tatum violated his parole and recommended revocation of parole and a term of 84 to 112[2] months, without credit for time spent on parole, to be served consecutively with his perjury and bail-jumping sentences. The Regional Commission and the National Appeals Board denied Tatum's appeals and approved the panel's recommendation.

Tatum filed this habeas corpus petition in federal district court in September 1984. The petition included two challenges to the Parole Commission determination. First, Tatum challenged his parole revocation on the ground that under 18 U.S.C.

§ 4211(c)(1) his parole automatically terminated after five years, on June 16, 1980; therefore, any extension of parole was invalid. Because he was not on parole when the Parole Commission issued the parole violation warrants, he argued, the parole revocation was void. Second, Tatum argued that he should have been given credit for the time he spent on parole because he received inadequate notice that his subsequent conviction could cause forfeiture of street time.

In February 1985, based on the papers, the magistrate recommended dismissal of the petition. He found that, by signing the waiver form, Tatum waived his right to challenge the extension of his parole term. Since Tatum based his challenge to the parole revocation on his challenge to the extension of his parole term, the parole revocation claim failed. The magistrate also found that habeas corpus relief was not available for this type of claim. On the forfeiture of street time claim the magistrate found that Tatum failed to exhaust his administrative remedies before the Parole Commission. Tatum filed objections to the magistrate's report, challenging the exhaustion of administrative remedies requirement. The magistrate rejected Tatum's argument and filed a final report and recommendation in March 1985. The district court adopted the findings, conclusions, and recommendations of the magistrate.

Tatum timely appeals the revocation and forfeiture rulings. He also raises other denial of due process claims: failure to inform him of his right to appear before the Early Termination Board; failure to permit him to review his record prior to the 1983 Hearing;[3] failure to set a parole date within the parole guidelines, and failure to have his sentences run concurrently rather than consecutively.

---

2. The term represented 78 to 100 months on the 1965 sentence plus 6 to 12 months for bail jumping.

3. This claim is repeated for another hearing that Tatum says occurred in March 1985. Because the habeas petition was filed in 1984 and the magistrate's recommendation was made in February 1985, the claim is outside the scope of this petition.

## II.

We review de novo the district court decision on a petition for writ of habeas corpus. *Chatman v. Marquez,* 754 F.2d 1531, 1533–34 (9th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985). Parole Commission determinations are reviewed for abuse of discretion. *Torres-Macias v. United States Parole Commission,* 730 F.2d 1214, 1216 (9th Cir. 1984). Our jurisdiction to decide issues raised for the first time on appeal is discretionary, *Yuckert v. Heckler,* 774 F.2d 1365, 1367 (9th Cir.1985), but exercised only if the issues are purely legal, central to the case, and important to the public, *id.*

Tatum argues that the Early Termination of Parole section of the Parole Commission and Reorganization Act entitled him to automatic termination of his parole status after five years on parole. This section provides that parole shall be terminated five years after release unless it is determined, after a Parole Extension Hearing, that supervision should continue because the individual is likely to engage in criminal activity. 18 U.S.C. § 4211(c)(1). Tatum claims that because his parole term expired on June 16, 1980, the Parole Commission had no jurisdiction to issue parole violation warrants in 1981 or 1982. Thus, holding him in custody is illegal and he should be released on habeas because he has now finished serving his perjury and bail-jumping sentences. Tatum also claims that he did not knowingly and voluntarily waive his right to a Parole Extension Hearing when he signed the waiver form.

The government argues that the district court finding of waiver was not clearly erroneous. Furthermore, it contends that the district court correctly held that, notwithstanding the waiver, the Commission's failure to hold a Parole Extension Hearing must be challenged through a mandamus action, not a petition for writ of habeas corpus. *See United States ex rel. Pullia v. Luther,* 635 F.2d 612, 617 (7th Cir.1980).

We hold that the lapse of five years on parole did not entitle Tatum to automatic release under the Early Parole Termination provision of the Parole Act.[4] *See Luther,* 635 F.2d at 616–17. The statute states that "[T]he Commission shall terminate supervision over such parolee *unless* it is determined ... supervision should not be terminated." 18 U.S.C. § 4211(c)(1) (emphasis added). In *Luther,* the petitioner argued that since a hearing did not occur *within* the five years, his parole automatically terminated on the last day of the fifth year. *Luther,* 635 F.2d at 612. The Seventh Circuit's review of the Parole Act's legislative history demonstrates that this result was not intended by Congress; rather, even if a hearing was not held before the precise five-year date, Congress intended the Commission to exercise its judgment before releasing any parolee from supervision. *Id.* at 616–17. The court concluded, and we agree, that the statute gives a parolee a right to a Parole Extension Hearing, not a right to automatic termination or release. *Id.; see also Sacasas v. Rison,* 755 F.2d 1533, 1535–36 (11th Cir.1985).

We also hold that the extension of Tatum's supervised parole was statutorily authorized. Section 4211(c)(1) indicates that supervised parole should not be terminated if "there is a likelihood that the parolee will engage in conduct violating any criminal law." We find Tatum's 1979 indictments sufficiently indicative of a likelihood to engage in criminal conduct to warrant an extension of his parole. Thus, whether or not Tatum waived his right to a hearing, or had a hearing, the Parole Commission would have extended his parole. *See Sacasas,* 755 F.2d at 1535 (petitioner entitled to hearing but no prejudice shown

---

4. This circuit has not addressed, and we do not decide, whether the proper way to challenge the Parole Commission's failure to provide a Parole Extension Hearing under 18 U.S.C. § 4211(c)(1) is by a writ of mandamus rather than a writ of habeas corpus. Since we construe pro se complaints liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1977), we reach the merits without determining whether the form was correct.

because evidence strongly suggested supervision would have continued).

Revocation of Tatum's parole was not an abuse of discretion. Parole does not automatically terminate at the end of five years. Furthermore, Tatum's felony indictments certainly entitled the Parole Commission to continue his supervision. When Tatum was subsequently convicted for perjury and bail jumping, he violated the terms of his parole and was duly reincarcerated.

▆▆▆ Tatum's second claim was that the government's failure to specify in his warrant that his perjury conviction could result in forfeiture of street time on parole violated his due process rights.[5] *See Vanes v. United States Parole Commission*, 741 F.2d 1197, 1202 (9th Cir.1984) (parolee has a due process right to be informed in a parole violator warrant of the parole violation charges and their possible consequences). The district court correctly dismissed this claim because Tatum failed to exhaust his administrative remedies. *See Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir.1983). That Tatum is sixty-five, blind, and in ill health does not constitute sufficient "extraordinary circumstances" to override the exhaustion requirement. *Id.* If Tatum wishes to pursue this claim, he must present it to the Parole Commission. Once he exhausts his administrative remedies, he may file a new habeas petition.[6]

▆▆▆ Tatum raises several due process claims on appeal that he did not raise before the district court: failure to permit him to review his records before the 1983 Hearing; failure to inform him that beginning in 1977 he could apply for early termination of parole; failure to have his original sentence run concurrently with his perjury and bail-jumping sentences; failure to set a parole date within the parole guidelines. We decline to review the merits of these claims because Tatum did not raise them in the district court and their resolution is not central to the case. *See Yuckert*, 774 F.2d at 1367. Additionally, he failed to exhaust administrative remedies on the application for parole and review of his records allegations. *See Ruviwat*, 701 F.2d at 845.

AFFIRMED.

---

5. Tatum also argues that the statute, 18 U.S.C. § 4210(b)(1), conflicts with the applicable regulation, 28 C.F.R. § 2.52, over whether forfeiture is mandatory or discretionary. We do not address this issue because of the exhaustion requirement.

6. The new petition would not be precluded as a successive filing of the same claim because the district court dismissed it without considering the merits. *See Polizzi v. United States*, 550 F.2d 1133, 1135–36 (9th Cir.1976).