791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ISAAC THOMAS, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSIONER; FEDERAL BUREAU OF
PRISONS; AND J. MICHAEL QUINLAN, WARDEN,
Respondents-Appellees.
 85-5867
 United States Court of Appeals, Sixth Circuit.
 4/28/86
 
 AFFIRMED
 W.D.Tenn.
 ORDER
 BEFORE: LIVELY, Chief Judge, WELLFORD and NELSON, Circuit Judges.
 
 
 1
 Petitioner appeals the district court's order dismissing his habeas corpus petition. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner is a federal prisoner incarcerated in the Federal Correctional Institution in Memphis, Tennessee. He filed this habeas corpus petition under 28 U.S.C. Sec. 2241 alleging that the United States Parole Commission revoked his parole and reinstated his sentence without credit for the good time credits he had earned prior to his parole. He also claimed that he was arrested upon his release from state confinement three days prior to the issuance of the parole violator warrant, he was not given a hearing on his parole revocation, and he was entitled to credit for his state sentence. An attachment to the petition alleges that respondents were harassing petitioner by requiring him to submit urine samples and punishing him for his refusal to do so. He also claims he was deprived of law books and otherwise harassed. The district court sua sponte dismissed the petition without prejudice for failure to exhaust administrative remedies. We affirm.
 
 
 3
 Federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas corpus relief may be granted. Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981). Specifically, a federal prisoner cannot challenge the Parole Commission's actions, including the decision to revoke good time credit, by way of habeas corpus until administrative remedies have been exhausted. Seawell v. Rauch, 536 F.2d 1283 (9th Cir. 1976); Smoake v. Willingham, 359 F.2d 386 (10th Cir. 1966); see Ruviwat v. Smith, 701 F.2d 844 (9th Cir. 1983); Guida v. Nelson, 603 F.2d 261 (2d Cir. 1979). Petitioner has not shown that he exhausted his administrative remedies by appealing his parole revocation, see United States ex rel. Sanders v. Arnold, 535 F.2d 848 (3d Cir. 1976); Carmel v. Thomas, 510 F. Supp. 784 (S.D. N.Y. 1981); Leftwich v. Jett, 453 F. Supp. 879 (C.D. Cal. 1978); 18 U.S.C. Sec. 4215, or applying to the Director of the Bureau of Prisons under 18 U.S.C. Sec. 4166 for restoration of his good time credits. See Seawell v. Rauch, supra; Lindsay v. Mitchell, 455 F.2d 917 (5th Cir. 1972). Therefore, the district court properly dismissed the petition without prejudice to petitioner's refiling when he can demonstrate that his administrative remedies have been exhausted.
 
 
 4
 To the extent that petitioner has asserted subsidiary claims concerning the conditions of his confinement, his pleadings do not indicate the necessary exhaustion of administrative remedies. See Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974) and 28 C.F.R. Part 542.
 
 
 5
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).