805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lorenzo PETTY, Petitioner-Appellant,
v.
William DAVIS, Warden of the Federal Correctional
Institution, and United States of America,
Respondents-Appellees.
 No. 85-6086.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 The petitioner, Lorenzo Petty, filed this habeas corpus petition in district court pursuant to 28 U.S.C. Sec. 2241 challenging the decision of the United States Parole Commission. The Parole Commission had issued a notice of action on June 27, 1984, stating that it was the Commission's decision to continue its earlier action of exceeding the parole guidelines in the petitioner's case. The district court denied the petition for failure to exhaust administrative remedies and the petitioner appealed. Both sides have filed briefs.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Petty was sentenced on February 17, 1979, to a seventeen-year regular adult term of imprisonment for distribution of heroin and possession of a weapon by a convicted felon. He had his initial parole hearing on October 22, 1979. The Commission found that a decision outside the guidelines was warranted. By notice of action dated November 21, 1979, Petty was informed that he was continued to a ten-year reconsideration hearing in October 1989. Reasons for parole denial were given pursuant to 18 U.S.C. Sec. 4206. Petty sought reconsideration of the Regional Commissioner's decision by an appeal. By notice of action dated February 2, 1980, he was informed that the previous decision was affirmed. Petty did not exhaust his administrative remedy by appeal to the National Appeals Board.
 
 
 4
 On June 12, 1984, Petty was provided with a statutory interim hearing pursuant to 18 U.S.C. Sec. 4208(h) and 28 C.F.R. Sec. 2.14 to consider any significant development or changes in his status. At this hearing, the examiners considered his case under the old guidelines and the Commission's 1984 guidelines and found that his offense severity would be rated the same under both old and new established guidelines. By notice of action dated June 27, 1984, Petty was informed of the Commission's decision that no change was merited in this case. This notice informed Petty that an appeal of the decision must be filed within 30 days of the date the notice was sent. On July 19, 1984, Petty wrote to the Commission requesting an extension of time to file an appeal. This request was denied. Petitioner filed his appeal on August 21, 1984, ten days late.
 
 
 5
 The petitioner presents two issues for review as follows:
 
 
 6
 I. Did the district court err in dismissing the petition?
 
 
 7
 II. Is the petitioner entitled to a reversal based on ineffective assistance of counsel?
 
 
 8
 Federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before relief may be granted. Ruviwat v. Smith, 701 F.2d 844 (9th Cir.1983); Little v. Hopkins, 638 F.2d 953 (6th Cir.1981). The petitioner was informed in his notice of action of the time-table for appeal. He had 30 days from the date of his notice, June 27, 1984, and then a grace period of 15 days. Thus his appeal was due on August 11, 1984. On July 19, 1984, the petitioner applied for an extension of time in which to appeal. Mr. Petty's request was denied because he did not provide the Commission with sufficient reasons to grant an extension. The petitioner filed his appeal on August 21, 1984, and it was untimely. The petitioner's attorney wrote two letters requesting that the appeal be heard. The Parole Commission considered the information submitted but found that the information did not warrant reopening the case. We affirm the decision of the district court.
 
 
 9
 The petitioner also argues that he was denied effective assistance of counsel because the petitioner's retained counsel became ill and an associate represented him at the district court level. He does not state that he was denied the effective assistance of counsel before the Parole Commission. Ineffective assistance of counsel is not an issue which can generally be raised in a civil action. Nicholson v. Rushen, 767 F.2d 1426 (9th Cir.1985). Furthermore, this claim is not properly before this Court because it was not presented at the district court level.
 
 
 10
 Accordingly, it is ORDERED that the decision of the district court be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.