810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isaac W. THOMAS, Petitioner-Appellant,
v.
P.W. KEOHANE, et al., Defendants-Appellees,
 No. 85-6085.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1986.
 
 Before LIVELY, Chief Judge, and KEITH and MERRITT, Circuit Judges.
 
 ORDER
 
 1
 This pro se appeal was timely filed from the Order of the district court denying a petition for writ of habeas corpus. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Isaac W. Thomas, a federal prisoner at the correctional facility in Memphis, Tennessee, was sentenced to a term of twenty years following his conviction for assault with intent to commit murder on a government reservation. He was released on parole on August 7, 1979. On March 12, 1982, Thomas was convicted in a New Jersey state court of possession of cocaine with intent to distribute, for which he received a five-year sentence. The Parole Commission issued a parole violation warrant on May 10, 1982, and Thomas was returned to federal custody under that warrant on June 7, 1983. A parole revocation hearing was scheduled for January 4, 1983; however, Thomas refused to appear at the hearing. On January 23, 1984, the Commission revoked Thomas' parole and ordered that none of his time spent on parole be credited toward service of his sentence. The Commission further decided that Thomas' case would be completed only when he is willing to appear. Thomas then filed a habeas corpus action which was dismissed by the district court on August 25, 1985, for failure to exhaust administrative remedies. That judgment was affirmed by this Court on April 28, 1986, in Case No. 85-5867. Meanwhile, on September 25, 1985, Thomas filed this current petition alleging that he is entitled to a Certificate of Discharge because he has completely served his sentence in that he has been improperly denied good time credits. Specifically, Thomas is claiming that he is entitled to the good time credits he earned prior to his parole, although he was convicted of a new crime and his parole was revoked because of that conviction. The district court found that this habeas petition suffered from the same failure to exhaust administrative remedies defect as the previous petition, and dismissed the case on October 31, 1985.
 
 
 3
 In affirming the district court's dismissal of Isaac Thomas' previous petition, this Court restated the well settled principle that "[f]ederal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." Thomas v. U.S. Parole Commission, No. 85-5867 (6th Cir.1986), citing Little v. Hopkins, 638 F.2d 953 (6th Cir.1981). As in his previous appeal, Thomas has not shown that he exhausted his administrative remedies either by appealing his parole revocation pursuant to 18 U.S.C. § 4215, or by applying to the Director of the Bureau of Prisons for restoration of his good time credits under 18 U.S.C. § 4166. See Seawell v. Rauch, 536 F.2d 1283 (9th Cir.1976); Lindsay v. Mitchell, 455 F.2d 917 (5th Cir.1972).
 
 
 4
 Accordingly, it is ORDERED that the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(3).