967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Fabela MARTINEZ, Petitioner-Appellant,
v.
W.C. WELLS, Warden, and U.S. Immigration and Naturalization
Service, Respondents-Appellees.
 No. 91-55566.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1992.
Withdrawn Feb. 11, 1992.
Resubmitted April 14, 1992.*
Decided June 12, 1992.
 
 Before WALLACE, Chief Judge, and JAMES R. BROWNING and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Fabela Martinez appeals the district court's dismissal for lack of jurisdiction of his petition for writ of habeas corpus challenging the Immigration and Naturalization Service's ("INS") issuance of a detainer. We reverse and remand for further proceedings.
 
 BACKGROUND
 
 3
 Appellant Martinez, a citizen of Mexico, immigrated to the United States on April 16, 1970. On August 29, 1986, he was convicted in federal district court of possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to 15 years imprisonment beginning on November 21, 1986. He is currently an inmate at the Federal Correctional Institution in Lompoc, California. His recomputed projected release date is January 30, 1995.
 
 
 4
 In December, 1986, the INS filed a detainer against Martinez with federal prison authorities, indicating that an investigation had been initiated to determine whether Martinez is subject to deportation and requesting that the INS be notified within thirty days of his release.
 
 
 5
 On January 30, 1991, Martinez filed a petition for writ of habeas corpus in the district court, seeking an order compelling the INS to begin deportation proceedings or expunge the detainer. Adopting the magistrate judge's report, the district court found that Martinez's present custody stemmed from his conviction, that the INS detainer did not subject Martinez to INS custody, and that Martinez was not in INS custody because no arrest warrant had been served on him pursuant to 8 C.F.R. § 242.2(c). The court dismissed Martinez's habeas petition without prejudice. Martinez appeals.
 
 DISCUSSION
 
 6
 We review the district court's judgment de novo. See United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 7
 We note that the district court correctly determined it lacked jurisdiction to adjudicate Martinez's request for habeas corpus relief. In order for the court to exercise habeas jurisdiction under 28 U.S.C. § 2241, Martinez must be in the custody of the INS. Other circuits have held that an INS detainer notice does not subject an incarcerated alien to INS custody for habeas purposes. Prieto v. Gluch, 913 F.2d 1159, 1163 (6th Cir.1990), cert. denied, 111 S.Ct. 976 (1991); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir.1988), cert. denied, 490 U.S. 1082 (1989); Orozco v. INS 911 F.2d 539, 541 (11th Cir.1990). The district court also lacked jurisdiction over Martinez's habeas claim under 8 U.S.C. § 1252(a), which applies only after an alien has been taken into custody pursuant to an administrative arrest warrant. See Campillo, 853 F.2d at 596.
 
 
 8
 However, we find that under Soler v. Scott, 942 F.2d 597, 601 (9th Cir.1991), Martinez's petition states a cause of action under the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.[1] The facts in Soler are virtually identical to those in the present case. The INS filed a detainer against Soler, an incarcerated alien. Soler filed a pro se petition seeking an order to compel the INS to schedule and hold a prompt deportation hearing. Soler alleged
 
 
 9
 "the INS has a long-standing policy of refusing to begin any deportation proceedings until after release from [Bureau of Prisons] custody[ ]"....
 
 
 10
 Soler further alleged that due to the INS' policy he will be forced to remain in prison beyond the expiration of his term while waiting for the INS to decide whether he should be deported: "By delaying actual [deportation] proceedings until after the incarceration for Petitioner's criminal conviction," Soler alleges, "existing government policy guarantees additional costs of incarceration during the post-incarceration proceedings; and this is precisely what Congress sought to avoid in enacting Title 8 U.S.C. § 1252(i)."[2]
 
 
 11
 Soler, 942 F.2d at 600-01 (footnote added). We held that mandamus and relief under the Administrative Procedure Act were available to compel the INS to schedule an alien's deportation hearing in a manner consistent with 8 U.S.C. § 1252(i).
 
 
 12
 Here, Martinez alleged in his traverse that, contrary to Congress' intent as expressed in 8 U.S.C. § 1252(i), the INS had a policy of delaying deportation hearings until after the end of an incarcerated alien's term of imprisonment. Thus, Martinez has stated a cause of action in accordance with our decision in Soler.
 
 CONCLUSION
 
 13
 The judgment of the district court is REVERSED and the case REMANDED for determination of whether Martinez is entitled to mandamus or relief under the Administrative Procedure Act to compel the INS to comply with 8 U.S.C. § 1252(i).
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Martinez requested habeas relief rather than mandamus and relief under the Administrative Procedure Act. However, because Martinez's petition is pro se, we construe it as in the proper form. See Tatum v. Christensen, 786 F.2d 959, 963 & n. 4 (9th Cir.1986), overruled on other grounds, Wallace v. Christensen, 802 F.2d 1539, 1554 & n. 10 (9th Cir.1986) (en banc)
 
 
 [2]
 8 U.S.C. § 1252(i) provides: "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction."