9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel N. RIOS, Petitioner-Appellant,
v.
Mark HENRY, Warden, et al., Respondents-Appellees.
 No. 93-55061.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 9, 1993.
 
 1
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Daniel N. Rios appeals pro se the district court's dismissal without prejudice of his 28 U.S.C. § 2241 petition for writ of habeas corpus seeking removal of an Immigration and Naturalization Service ("INS") detainer against him. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal de novo, see United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc), cert. denied, 469 U.S. 824 (1984), and we affirm.
 
 
 4
 Rios contends that because the INS's detainer increased his security classification and rendered him ineligible for many prison programs, and because the INS did not commence deportation proceedings "as expeditiously as possible," his rights have been violated. We disagree. The crux of Rios's petition is that the INS detainer increased his security classification so that he is ineligible to participate in prison rehabilitative programs.[1] We agree with the district court that until Rios exhausts his federal administrative remedies, any action challenging his prison classification is premature.[2] Cf. Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1990); Little v. Hopkins, 638 F.2d 953 (6th Cir.1981).
 
 The district court's judgment is
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note, however, that Rios does not appear to have a constitutional right to the prison services which he alleges he was denied because of his higher security classification. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (no right to a particular security classification or to prison rehabilitative services); Bauman v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985) (no constitutional right to work furlough classification); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982) (no general right to rehabilitation)
 
 
 [2]
 The U.S. Attorney argues that the INS is not the proper party to this action. Instead, appellee argues Rios should have named the Executive Office of Immigration Review (EOIR). Because we may affirm on any ground supported by the record, we need not address this issue. See Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). We further decline to address the question of whether mandamus is the appropriate vehicle to be pursued in this situation because we agree with the district court that Rios is not entitled to any relief on the record. See Tatum v. Christensen, 786 F.2d 959, 963 & n. 4 (9th Cir.), overruled on other grounds, Wallace v. Christensen, 802 F.2d 1539, 1554 & n. 10 (9th Cir.1986) (en banc)