**Lloyd R. BUXTON, Plaintiff,**

v.

**U.S. PAROLE COMMISSION, et al., Defendants.**

**Civ. No. 93–6134–HO.**

United States District Court, D. Oregon.

Feb. 24, 1994.

## AMENDED ORDER

HOGAN, District Judge.

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that the "Warden at FCI Sheridan" and the United States Parole Commission violated his rights by "failing to investigate, and correct the reports in the petitioner's central file, causing false information to be given to the United States Parole Commission for parole concideration (sic)." Petition (# 2), p. 3.

Petitioner raises two additional issues in his "optional response" (# 10).[1] First, petitioner alleges that the Bureau of Prisons (BOP) failed to properly credit him for pretrial "custody," which consisted of petitioner's "constant supervision" by a third party. Petitioner alleges the restrictive conditions of his release amounted to "virtual incarceration." *See* Petitioner's Optional Response (# 10), p. 12.

Second, petitioner alleges that the United States Parole Commission (USPC) subjected him to double jeopardy by increasing his parole guideline range.

Petitioner acknowledges that he has not exhausted the administrative grievance remedies provided by the BOP. Petitioner argues "(d)ue to the fact that if the petitioner were to file administrative remedies the time lost would only add to the fact that the Petitioner is entitled to immediate release and the Bureau of Prisons and the U.S.P.C. have already had years to correct the errors and have refused and failed to do so." Petition (# 2), p. 4.

The Ninth Circuit requires inmates to exhaust administrative remedies provided by the BOP before seeking federal habeas corpus review. *Tatum v. Christiansen,* 786 F.2d 959, 964 (9th Cir.1986); *Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir.1986).

1. Petitioner's "optional response" (# 10) has been construed as an amended petition. *See* Order (# 12).

644

See also, Brown v. Rison, 895 F.2d 533 (9th Cir.1990).

It is undisputed that there are administrative remedies available to redress petitioners claims. See 28 C.F.R. § 542.10. Although petitioner has allegedly experienced difficulty in obtaining staff assistance to pursue his claims due to having been assigned new and allegedly inexperienced case managers, see Petitioner's Optional Response (# 10), pp. 3–5, he has not established that it is impossible or futile to exhaust his administrative remedies. Nor, has petitioner established that "to complete an administrative remedy would take the entire amount of time left to serve." Id., p. 6. Petitioner alleges that he is scheduled for release on parole on 6/6/94, and "could not complete remedies in time to be effective." Petitioner's Optional Response (# 10), p. 11. The record reflects that petitioner's projected release date is June 6, 1994 (two-thirds date via presumptive parole). At that time, however, petitioner will begin serving an 18 month sentence for failure to appear. Government's Response (# 7), pp. 2–3. I find that petitioner has sufficient time to exhaust BOP remedies.

In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983), the Court of Appeals upheld a District Court decision dismissing a petition for writ of habeas corpus challenging a parole date, on the ground that the petitioner had not exhausted administrative remedies. The court stated:

We find persuasive the reasoning that the requirements of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

Ruviwat v. Smith, supra, 701 F.2d at 845; see also, Chau Han Mow v. United States, 730 F.2d 1308, 1313–1314 (9th Cir.1984), cert. denied 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1984).

Petitioner must exhaust administrative remedies before this court will review his claims.

The BOP has no duty to investigate the accuracy of a presentence report, or insure that the presentence report furnished to the Parole Commission is accurate. The only function of the BOP with respect to a parole hearing is to provide the commission with "... reports and recommendations which the staff of the facility in which such prisoner is confined may make...." 18 U.S.C. § 4207.

The USPC is not required to "investigate" the presentence report. The only duty of the USPC is to review information that has been furnished by other government agencies, the courts and the prisoner, and conduct a parole hearing. Fardella v. Garrison, 698 F.2d 208, 211 (4th Cir.1982).

Petitioner's contention that the Privacy Act of 1974 imposes a duty upon the BOP and the USPC to investigate his presentence report is not correct. Both the BOP and the USPC are exempt from the record-amendment requirements of 5 U.S.C. 552a(d), which requires agencies to investigate claimed inaccuracies in government records. See 28 C.F.R. § 16.85(a)(2) and 28 C.F.R. § 16.96(a)(1).

Petitioner's reliance on Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C.Cir.1992) is misplaced. To the extent Sellers is relevant, it is not controlling. The D.C. Circuit in Sellers held that the USPC and the BOP are required to ensure fairness in record-based agency determinations under 5 U.S.C. § 552a(e)(5). In this case, it is undisputed that the USPC complied with statutory procedures regarding parole hearings. Therefore, the section 552a(e)(5) "fairness" standard was satisfied.

Petitioner's argument that the BOP is obliged to give him credit for pretrial release is without merit. See United States v. Robles, 563 F.2d 1308 (9th Cir.1977), cert. denied 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978) [time spent on bail pending appeal is not time served "in custody"]. That petitioner may have been listed as "in custody" on a prehearing assessment form does not mean that he was in custody for purposes of

receiving credit towards his sentence. In addition, petitioner has not exhausted administrative remedies with respect to this claim.

 Petitioner's double jeopardy argument is also unpersuasive. In evaluating a person's parole status, the Parole Commission considers all facts relevant to petitioner's suitability for parole. 18 U.S.C. § 4206(a)(1). A prior failure to appear is relevant to the probability of a parole violation or crime in the future and may be considered in determining a parole release date. An increase in a parole guideline range is not a new criminal prosecution and does not subject an individual to double jeopardy.

The petition for writ of habeas corpus (# 2), as amended by petitioner's optional response (# 10), is denied. This proceeding is dismissed.