70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Ricardo RENTERIA, Defendant-Appellant.
 No. 94-56034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided Dec. 5, 1995.
 
 1
 Before: BROWNING and PREGERSON, Circuit Judges and TANNER,** District Court Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Joe Ricardo Renteria appeals from the district court's denial of his motion under 28 U.S.C. Sec. 2255. We have jurisdiction over this timely appeal and affirm in part and remand Renteria's forfeiture double jeopardy claim for ruling by the district court.
 
 
 4
 We review de novo a district court's denial of a 28 U.S.C. Sec. 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995).
 
 
 5
 1. Claims Raised for the First Time on Appeal.
 
 
 6
 Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers", Haines v. Kerner, 404 U.S. 519, 520 (1972) and are liberally construed. Tatum v. Christensen, 786 F.2d 959, 963 n. 4 (9th Cir.1986). We have compared Renteria's 28 U.S.C. Sec. 2255 motion filed pro se in the district court with the briefs filed in this court by his retained counsel and conclude that, with one exception, Renteria raises here substantially the same issues, albeit in a slightly different form, that were raised and ruled on below. See United States v. Bigman, 906 F.2d 392, 395 (9th Cir.1990) (reaching the merits of a challenge to the district court's failure to follow Fed.R.Crim.P. 32(c)(3)(D) first presented on appeal when the defendant controverted the factual accuracy of the presentence report at sentencing). The only issue not ruled on below but presented here is Renteria's claim that he was convicted in violation of the double jeopardy clause due to the prior forfeiture of an automobile during his state prosecution.
 
 
 7
 Generally, in a motion under 28 U.S.C. Sec. 2255, we will not rule upon issues on appeal not first presented to the district court. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.) cert. denied, 113 S.Ct. 258 (1992). There are three exceptions to the "waiver rule": (1) exceptional circumstances exist which mandate review to prevent a miscarriage of justice; (2) a new issue arises while the appeal is pending because of a change in the law; and, (3) the issue is purely one of law and either does not depend on the factual record below or the factual record below has been fully developed. Id.
 
 
 8
 During the pendency of his appeal, this court decided United States v. $405,089.23 U.S. Currency, 33 F.3d 1210, 1222 (9th Cir.1994), amended on denial of reh'g, 56 F.3d 41 (9th Cir.1995). Renteria's forfeiture double jeopardy claim is reviewable under the change in the law exception to the waiver rule. In $405,089.23 U.S. Currency, we held that the government violates the Double Jeopardy Clause by obtaining a criminal conviction and then pursuing a civil forfeiture action based on the same offense. Because Renteria's automobile forfeiture claim lacks a record for this court to review, we are not in a position to determine whether $405,089.23 U.S. Currency applies. Consequently, we remand this claim to the district court so that it may develop a record on the forfeiture issue and then rule on this claim.
 
 
 9
 2. Ineffective Assistance of Counsel.
 
 
 10
 This court reviews de novo an allegation that appellant received ineffective assistance of counsel. Sanchez, 50 F.3d at 1456.
 
 
 11
 Renteria alleges that he received ineffective assistance of counsel during his plea negotiations because his counsel did not perform an independent investigation and because she failed to correctly inform him of the relevant conduct portion of the sentencing guidelines, thereby underestimating his potential sentencing exposure. Counsel is ineffective if her "representation fell below an objective standard of reasonableness", Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a counseled plea of guilty, Strickland's second prong of "prejudice" is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 12
 Renteria contends that his counsel was ineffective because she failed to discover a police report that would have alerted her to a purported weakness in the government's case. The report states: "a couple of days were spent trying to come to an agreement over the amount of marijuana to be sold and where the transaction would take place.... Negotiations ended without an agreement made." He argues that if his counsel would have been diligent in her investigation she would have discovered the Arcadia police report and should have recognized that the government could not carry its burden of proof on the elements of conspiracy. As a result, Renteria contends, she would not have advised him to plead guilty. We disagree. Renteria ignores the fact that the discovery provided contained transcripts of taped conversations between Renteria and others where Renteria is negotiating the terms of the marijuana deal. Furthermore, in the "case settlement agreement" that Renteria signed, facts are presented which clearly support the conspiracy charge.
 
 
 13
 Based upon the uncontradicted affidavit of Renteria's counsel's supervisor (O'Connor), the district court made a finding that counsel "was an able advocate who was diligent in learning about the underlying charges herein and informing Petitioner of the same." This finding was based on paragraph 4 of the O'Connor declaration filed by the government in response to the Sec. 2255 motion. Furthermore, based on the O'Connor declaration, Renteria was advised that if he wanted further discovery, he would have to return to the Western District of Texas to litigate the matter, thereby not being able to take advantage of Fed.R.Crim.P. 20.
 
 
 14
 Therefore, counsel's advice that Renteria plead guilty did not fall "below an objective standard of reasonableness." Strickland, 466 U.S. at 688. We need not reach the prejudice prong of the test as to this claim.
 
 
 15
 Renteria also argues that his counsel was ineffective in that she incorrectly advised him on the relevant conduct ramifications of the sentencing guidelines, and had he known his true sentencing exposure, he would not have pled guilty. Assuming that this conduct was constitutionally inadequate, Renteria nonetheless still cannot meet the prejudice prong of Strickland. Renteria pled guilty to an offense that carried a mandatory minimum. Six-hundred-fifty pounds of marijuana is more than the 100 kilograms (220 pounds) that qualify for the five-year mandatory minimum. 21 U.S.C. Sec. 841(b)(1)(B)(vii). The district court departed downward from both the Probation Department's calculation and from the agreed upon range in the "case settlement agreement" to the mandatory minimum of 60 months. Therefore, he cannot meet the second prong of the Strickland test--he cannot show that but for his counsel's errors "the result of the proceedings would have been different." 466 U.S. at 694.
 
 
 16
 3. Drug Quantity.
 
 
 17
 Renteria argues that because he was incapable of purchasing over 100 kilograms of marijuana, his sentence was based on the wrong quantity of drugs and thus he must be resentenced. However, because we find no ineffective assistance of counsel, Renteria's collateral attack on his sentence is barred because he entered a guilty plea. United States v. Broce, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack"). The exceptions to this general rule barring collateral attacks are not implicated by this claim.
 
 
 18
 4. Double Jeopardy.
 
 
 19
 Renteria argues that his federal conviction is barred by the double jeopardy clause. As a threshold matter, Renteria must show that he is entitled to collaterally attack his counseled plea of guilty on double jeopardy grounds. In Broce, the Supreme Court discussed the issue of when a collateral attack on double jeopardy grounds will be permitted if a defendant entered a guilty plea that was knowing and voluntary. The Broce Court held that collateral attack is barred when the indictment and the existing record on its face do not demonstrate the constitutional violation. Id. at 574-76. Here, unlike Menna v. New York, 423 U.S. 61 (1975), the two indictments are not factually identical. Renteria's California charge involved the possession with intent to distribute cocaine and his federal indictment was for the conspiracy to possess and distribute marijuana. Furthermore, under United States v. Dixon, 113 S.Ct. 2849 (1993), a defendant must show that his subsequent prosecution survives the "same elements" test articulated in Blockburger v. United States, 284 U.S. 299 (1932). Under Blockburger, double jeopardy is not implicated because the subsequent conviction involved proof of a fact that the first did not. See Blockburger, 284 U.S. at 304. Here it is clear that the federal charge was conspiracy; therefore, the fact that an agreement existed must be proved. This additional fact need not be proved in the state conviction for possession. Thus, Renteria's collateral attack on double jeopardy grounds is barred due to his guilty plea.
 
 
 20
 5. Evidentiary Hearing.
 
 
 21
 Under Sec. 2255 the district court is required to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. Sec. 2255; United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). "An evidentiary hearing is usually required if the motion states a claim based on matters outside the record or events outside the courtroom." Burrows, 872 F.2d at 917. Thus, Renteria is entitled to an evidentiary hearing "unless something in the record conclusively shows that [petitioner's] trial attorney was not ineffective." Id.
 
 
 22
 Here, the issue of an evidentiary hearing is only relevant as to the claim of ineffective assistance of counsel.[1] The record in this case indicates that counsel did investigate the case and that the defendant pled guilty and stipulated to facts which exposed him to the mandatory minimum sentence--a sentence which he received by way of a downward departure. There is nothing outside of the record that could be developed that would change those facts.
 
 CONCLUSION
 
 23
 WE AFFIRM the district court's denial of Renteria's 28 U.S.C. Sec. 2255 motion as it was presented; WE REMAND to the district court for a ruling on Renteria's forfeiture double jeopardy claim.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The decision to hold an evidentiary hearing on Renteria's forfeiture claim is the district court's. We express no opinion on the necessity or lack thereof of such a hearing