**Phillip MARTINEZ, Petitioner-Appellant,**

v.

**Rob ROBERTS, Warden, Respondent-Appellee.**

No. 85–6564.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 1986.*

Decided Nov. 18, 1986.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and Ninth Circuit Rule 3(f).

---

Phillip Martinez, Dublin, Cal., for petitioner-appellant.

Barbara C. Stergis, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before BROWNING, Chief Judge, GOODWIN and FARRIS, Circuit Judges.

**PER CURIAM:**

A federal prisoner appeals the dismissal of his petition for a writ of habeas corpus. We affirm.

■ Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court. *Tatum v. Christensen*, 786 F.2d 959, 964 (9th Cir. 1986); *Fendler v. United States Parole Commission*, 774 F.2d 975, 979 (9th Cir. 1985); *Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986); *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir.1984), *cert. denied*, 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985); *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir.1983). The Bureau of Prisons has established an administrative remedy by which an inmate in a federal prison may seek review of any aspect of imprisonment. 28 C.F.R. § 542.10 (1984). Difficulties which a prisoner may experience in meeting the time requirements for an administrative appeal are properly first brought before the administrative agency. 28 C.F.R. § 542.15 (1984).

■ Martinez failed to exhaust the administrative remedies made available by the Bureau of Prisons at the time of the filing of this petition for habeas corpus. The district court, therefore, correctly dismissed this claim. *See Tatum v. Christensen*, 786 F.2d at 964; *Green v. Christiansen*, 732 F.2d 1397, 1400 (9th Cir.1984); *Ruviwat v. Smith*, 701 F.2d at 845.

Because the record makes clear that Martinez failed to exhaust his administrative remedies, no evidentiary hearing on this issue was or is necessary. *See Chua Han Mow v. United States*, 730 F.2d at 1314.

Finally, there is no reversible error in the manner in which the district court assigned the matter to a magistrate for hearing.

Affirmed.