892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry NELSON, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, et al., Respondents-Appellees.
 No. 88-15040.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1989.*
Decided Dec. 18, 1989.
 
 Before TANG, CANBY and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Terry Nelson, a federal prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus. Initially, the district court dismissed summarily six of seven claims for relief and ordered the United States Parole Commission to respond to Nelson's first claim of relief. Subsequently, the district court dismissed that claim and entered judgment dismissing the petition. Nelson made a timely appeal to this court. We affirm.
 
 FACTS
 
 3
 Nelson was convicted of conspiracy to commit bank robbery, bank robbery, and assault, and was sentenced to 25 years in prison. Nelson's sentence was reduced to 10 years after he voluntarily cooperated with federal law enforcement officials in uncovering several additional robberies. Nelson was also convicted of state charges in New Jersey arising out of the same incidents, and was sentenced to serve a seven-year term consecutive to his federal sentence.
 
 
 4
 Nelson applied for parole in May of 1986. A hearing was held and the Commission ordered Nelson to serve to the expiration of his sentence.[1] Nelson appealed the order to the National Appeals Board of the United States Parole Commission and the appeal was turned down. In his petition for a writ of habeas corpus Nelson made seven claims of error on the part of the Commission.
 
 STANDARD OF REVIEW
 
 5
 In reviewing decisions of the Commission, this court is limited to determining whether the Commission acted within its statutory and regulatory boundaries, and in accordance with the Constitution. Wallace v. Christensen, 802 F.2d 1539, 1551-52 (9th Cir.1986).
 
 SUMMARY DISMISSAL OF CLAIMS 2-7
 
 6
 We find no error in the district court's summary dismissal of claims 2-7. Our reasons, briefly stated, follow.
 
 Claim 2
 
 7
 Nelson alleged that the Commission violated the Constitution when it used information which had not been tested through any adjudicative procedures. Due process does not restrict the Commission to consideration of only those facts that have been put through an adjudicative process. Bowen v. U.S. Parole Commission, 805 F.2d 885, 888 (9th Cir.1986).
 
 Claim 3
 
 8
 Nelson alleges that the Commission went beyond the scope of its "discretion" when it based its decision on information that was obtained from sources other than the Presentence Report. There is no merit in this contention. Congress has provided that the Commission may consider a number of sources beyond the Presentence Report, including "... such additional relevant information concerning the prisoner ... as may be reasonably available". 18 U.S.C. § 4207. In its regulations, the Commission "encourages the submission of relevant information concerning an eligible prisoner by interested persons." 28 C.F.R. § 2.19(b)(1).
 
 Claim 4
 
 9
 Nelson alleged that the Commission failed to consider factors required by statute. The district court dismissed this claim because Nelson alleged no specific violation. Our review of the record fails to disclose any statutorily required information that was not considered by the Commission.
 
 Claim 5
 
 10
 Nelson alleges that the Commission failed to show good cause for departing from the statutory guidelines. The district court found that there was no departure and thus no need for a showing of good cause. This finding was correct.
 
 
 11
 In setting parole dates, the Commission utilizes a matrix with offense categories on one side and a "salient factor score," designed to measure the prisoner's likelihood of success on parole, on the other. 28 C.F.R. § 2.20(e). The Commission gave Nelson a salient factor score of nine, which places him in the best possible category for release. It set Nelson's offense category at seven, because Nelson fired his gun at pursuing police officers following his last bank robbery. Nelson alleges that the Commission should have used the score of five, which is the proper category for robbery.
 
 
 12
 Nelson's record, however, supports the action of the Commission in placing him in the category of "Assault During Commission of Another Offense".[2] The New Jersey state court found him guilty of firing shots at police officers following one of his bank robberies.
 
 Claim 6
 
 13
 Nelson alleged that the Commission actions were arbitrary, irrational, unreasonable, irrelevant and capricious. The district court correctly found that this allegation, utterly lacking in specifics, did not state a complaint on which relief could be granted.
 
 Claim 7
 
 14
 Nelson alleges that the USPC violated his due process rights by "double-counting." This allegation apparently refers to Nelson's contention that the USPC failed properly to give Nelson credit for his pretrial confinement. This contention has no merit. He was arrested on August 24, 1983 and had served approximately 38 months at the time the parole hearing process and appeal were completed. The Commission's selection of a full term of 80 months clearly took the period of his jail time into account, as indicated by the projected release date of April 22, 1990, approximately 80 months from his original arrest.
 
 DISMISSAL OF COMPLAINT NUMBER ONE
 
 15
 The district court initially held that Nelson's claim that he was denied an opportunity to review and comment on a report utilized by the Commission stated a claim which the court could review. The court subsequently dismissed this claim on the ground that Nelson had failed to exhaust his administrative remedies by raising this contention on administrative appeal, and that Nelson could not show sufficient cause or prejudice to justify overlooking this default. We agree.
 
 
 16
 Federal prisoners are required to exhaust their administrative remedies before making a collateral attack. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986). Under the decisions of the Supreme Court, such a default bars collateral attack unless the petitioner can demonstrate sufficient "cause" for defaulting and sufficient "prejudice" if the error alleged is allowed to stand. Wainright v. Sykes, 433 U.S. 72, 87 (1977), United States v. Frady, 456 U.S. 152, 167 (1982).
 
 
 17
 The district court correctly held that Nelson failed to establish prejudice. The report to which Nelson was allegedly denied access was from a Federal Probation Officer and stated that Nelson had been involved in three uncharged robberies. Nelson argues that the Commission violated 18 U.S.C. 4208(b) by failing to provide him with "reasonable access to a report or other document to be used by the Commission in making its determination" Id. Indeed, the Commission acknowledged that the term set reflected its knowledge of additional robberies that Nelson was involved in, knowledge it received in part from a report to which Nelson may not have been given advance notice.
 
 
 18
 Nevertheless, having failed to pursue an administrative appeal on this point, Nelson must now show that the failure to furnish him the report deprived him of a meritorious rebuttal, or otherwise prejudiced him. At his parole hearing, Nelson himself acknowledged participation in four other bank robberies. He was not prejudiced by the Commission's use of the report. The district court's dismissal for failure to exhaust was correct.
 
 CONCLUSION
 
 19
 The judgment of the District Court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The federal parole system was repealed by Congress effective Nov. 1, 1987 by Pub.L. 98-473, Title II, §§ 218(a)(5), 235. Since Nelson was convicted before that date his sentence is still controlled by the repealed laws
 
 
 [2]
 211. Assault During Commission of Another Offense
 a If serious bodily injury results or if "serious bodily injury is the result intended," grade as Category Seven.
 
 
 [28]
 C.F.R. 2.20 Chapter Two, Subchapter B-Assault Offenses
 
 
 [17]
 "Serious bodily injury is the result intended" refers to a limited category of offense behaviors where the circumstances indicate that the bodily injury intended was serious (e.g., ... firing a weapon at a person) but where it is not established that murder was the intended object
 
 
 [28]
 C.F.R. § 2.20, Sub Chapter B-definitions no. 17