**Donald R. COONEY, Plaintiff–Appellant,**

**v.**

**C.R. EDWARDS, Regional Director, Western Bureau of Prisons, et al., Defendant–Appellee.**

**No. 91–35413.**

United States Court of Appeals, Ninth Circuit.

Submitted July 6, 1992 *.

Decided July 29, 1992.

Donald R. Cooney, pro per.

Judith D. Kobbervig, Asst. U.S. Atty., Portland, Or., for defendant-appellee.

* The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Cir.), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

Before: GOODWIN, TANG and THOMPSON, Circuit Judges.

TANG, Circuit Judge:

Following a disciplinary hearing, Donald R. Cooney, a federal prisoner, was found guilty of insolence towards a staff member and was removed from his prison job as a sanction. Cooney initiated an administrative appeal of this decision, but he decided to forgo administrative remedies when he filed this suit in federal district court. His complaint seeks relief against ten federal employees in both their individual and official capacities. His complaint alleges, among other things, that his Fifth Amendment right to due process was violated because he was neither provided a proper disciplinary hearing nor afforded the procedures to which he was entitled under prison regulations. Cooney also alleges that he was touched by one of the federal employees in an offensive manner. In his complaint, Cooney asks for monetary and injunctive relief.

Because he did not exhaust the administrative remedies available to him, the district court dismissed Cooney's complaint. The district court thereby deemed moot Cooney's motion to require the United States Marshal to effect personal service against two defendants who had not been served. The court did not consider the question of personal jurisdiction. We vacate and remand.

## STANDARD OF REVIEW

■ Whether a federal prisoner is required to exhaust administrative remedies before pursuing an action under *Bivens* against prison officials is a question of law reviewed *de novo.*[1] *See McCarthy v. Madigan,* —— U.S. ——, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); *see also United States v. McConney,* 728 F.2d 1195, 1201 (9th

## DISCUSSION

The district court dismissed Cooney's *Bivens* action on the ground that he failed to exhaust his administrative remedies. Following the district court's dismissal, the Supreme Court decided *McCarthy v. Madigan,* —— U.S. ——, 112 S.Ct. 1081. A unanimous Supreme Court held that prisoners who file *Bivens* actions requesting only monetary damages need not exhaust administrative remedies. *Id.* —— U.S. at ——, 112 S.Ct. at 1088.

■ In this case, the state of Oregon represents that Cooney is no longer incarcerated. Because Cooney is no longer incarcerated, his claims for injunctive relief are either moot or not ripe; the district court correctly dismissed these claims without prejudice.[2] *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 625 (9th Cir.1988). With regard to Cooney's claims for monetary relief, *McCarthy* dictates that exhaustion is not required. —— U.S. at ——, 112 S.Ct. at 1088; *see also Young v. Quinlan,* 960 F.2d 351, 356 n. 8 (3d Cir.1992) (holding that a prisoner's action for injunctive relief is mooted by the end of incarceration, leaving only the action for monetary relief; thus, there is no exhaustion requirement). Accordingly, we reinstate Cooney's action for damages.

■ Because the district court dismissed Cooney's complaint on exhaustion grounds, it did not address the state's argument that the court had no personal jurisdiction over the defendant based upon the United States Marshal's ineffective service of process on behalf of Cooney. We remand this case to the district court to resolve the question of personal jurisdiction in light of *Puett v. Blandford,* 912 F.2d 270, 274–76 (9th Cir.1990) (holding that an incarcerated pro se plaintiff is entitled to rely upon the United States Marshal to effect service of a

---

1. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2. If Cooney's parole is later revoked, his action for injunctive relief may become ripe.

summons and complaint when the United States Marshal is ordered to effect service).

VACATED and REMANDED.