990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Arthur COUPAR, Plaintiff-Appellant,
v.
James ABELE, et al., Defendants-Appellees.
 No. 92-55477.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 16, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Coupar, a federal prisoner, appeals pro se the district court's order denying leave to file his Bivens complaint without prepayment of filing fees and the subsequent denial of his motion for reconsideration. The district court denied Coupar in forma pauperis status solely on the ground that he failed to exhaust administrative remedies. Whether a federal prisoner is required to exhaust administrative remedies before pursuing a Bivens action is a question of law reviewed de novo. Cooney v. Edwards, 971 F.2d 345, 346 (9th Cir.1992). A district court's denial of leave to proceed in forma pauperis is reviewed for abuse of discretion. Tripati v. First Nat'l Bank and Trust, 821 F.2d 1368, 1369 (9th Cir.1987). We vacate and remand for further proceedings.
 
 
 3
 Under 28 U.S.C. § 1915(a), a district court may grant in forma pauperis status if a litigant is unable to pay the costs of the suit. Id. at 1369-70. Nevertheless, the district court may deny leave to proceed in forma pauperis if the complaint is frivolous. Id. A frivolous claim is one which lacks an arguable basis in either law or fact. Nietzke v. Williams, 490 U.S. 319, 324 (1989); see Tripati, 821 F.2d at 1370. A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Prisoners who file Bivens actions requesting only monetary damages need not exhaust administrative remedies. McCarthy v. Madigan, 112 S.Ct. 1081, 1088-89 (1992); Cooney, 971 F.2d at 346.
 
 
 4
 In his complaint, Coupar alleges that he was transferred to the Federal Correctional Institution at Terminal Island after filing an administrative action concerning the denial of a job through Federal Prison Industries ("Unicor"). He states that the defendants threatened him in order to discourage him from proceeding with his administrative action. Further, he states that when he was transferred he was denied employment through Unicor, although regulations would have placed him at the top of a waiting list for a position. Prison officials told Coupar that he would not be hired through Unicor because he was an epileptic. Coupar states that he has been an epileptic since 1976, and he has not been denied employment through Unicor before.
 
 
 5
 Liberally construing Coupar's pro se complaint, he alleges retaliatory conduct by prison officials for proceeding with an administrative appeal. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir.1985) (This circuit recognizes a first amendment interest of prisoners to be free from prison transfers or reassignments made in retaliation for legal activities). Further, he has filed a decision by the Labor Department in this court, which appears to be the final decision in the administrative proceeding he refers to in his complaint. The Labor Department found in favor of Coupar. Thus, it appears that his allegations are not frivolous.
 
 
 6
 The district court dismissed Coupar's complaint for failure to exhaust administrative remedies. However, Coupar seeks only money damages in his Bivens action. Therefore, he is not required to exhaust administrative remedies. See McCarthy, 112 S.Ct. at 1088-89; Cooney, 971 F.2d at 346.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3