9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ben KALKA, Plaintiff-Appellant,
v.
Loy HAYES, Warden, Pleasanton Federal Detention Center,
Defendant-Appellee.
 No. 92-16624.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ben Kalka, a federal prisoner, appeals pro se the district court's dismissal of his civil rights action for failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Cooney v. Edwards, 971 F.2d 345, 346 (9th Cir.1992), and affirm in part, reverse in part, and remand.
 
 
 3
 Kalka sought damages and injunctive relief for the alleged denial of his visitation rights and right of access to the courts at the Pleasanton Federal Detention Center. Although Kalka styled the action a petition for writ of habeas corpus, the district court correctly construed it as one brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991).
 
 
 4
 When a plaintiff seeks both damages and injunctive relief in a Bivens action, he must first exhaust administrative remedies. Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991). If his claims for injunctive relief become moot, however, exhaustion is not required with respect to the remaining claims for damages. Cooney, 971 F.2d at 346.
 
 
 5
 Kalka contends, and the record reflects, that he was transferred from the Pleasanton facility before the district court dismissed his complaint. In these circumstances, his injunctive relief claims are moot or not ripe, and were properly dismissed without prejudice. See id. Because exhaustion of administrative remedies is not required with respect to his damages claims, however, we reinstate his action for damages.[1] See id.
 
 
 6
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court noted several other deficiencies in the complaint, Kalka should be given the opportunity to cure them by amendment. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992)
 
 
 [2]
 Kalka contends the district court should have considered several motions that were filed before dismissal of the complaint. The court will have the opportunity to consider these matters upon remand