15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jacob MARTIN, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-15980.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jacob Martin, a federal prisoner, appeals pro se (1) the district court's order granting in part and denying in part his 28 U.S.C. Sec. 2241 habeas corpus petition and (2) the district court's order denying his subsequent reconsideration motion.[1] We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 On January 4, 1993, the district court issued an order granting in part and denying in part Martin's habeas petition challenging the United States Parole Commission's March 11, 1991 decision. The Commission had rescinded Martin's May 22, 1989 parole date and ordered him to serve an additional term of imprisonment. The district court found that the Commission's calculation of Martin's salient factor score with respect to "Item F" violated its own regulations and Martin's right to due process, and ordered the Commission to grant Martin a new parole rescission hearing within 60 days. The district court denied Martin's other habeas claims.
 
 
 4
 On March 5, 1993, the Commission held the new hearing. Martin filed a motion for reconsideration in the district court on March 10, 1993, and the motion was denied on May 4, 1993.
 
 January 4 Decision
 
 5
 Martin contends that the district court erred by failing to order the Commission also to reconsider his sixth, eighth, and ninth claims at the new hearing, and by failing to retain jurisdiction until the Commission issued a satisfactory decision. This contention lacks merit.
 
 
 6
 In its January 4, 1993 order, the district court denied Martin's sixth claim, regarding the Commission's conclusion that both of his prior parole violations involved new drug offenses; his eighth claim, regarding calculation of time spent in custody; and his ninth claim, regarding the Commission's alleged double counting of prior parole violations, on the basis that the district court already had ordered a new hearing because of the "Item F" error. The district court had ordered a new hearing for the Commission to recalculate Martin's salient factor score. After recalculating the salient factor score, the Commission would be required to reconsider whether to exceed the statutory guidelines. Martin's sixth, eighth, and ninth claims all involved the Commission's decision to exceed the guidelines. Accordingly, the district court did not err by denying the sixth, eighth, and ninth claims as moot.
 
 May 4 Reconsideration Order
 
 7
 Martin also contends that the district court erred by refusing to consider his claims, raised in his reconsideration motion, regarding the Commission's March 5, 1993 hearing. The district court correctly instructed Martin that he was required to file a new habeas petition regarding these claims. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (per curiam) (federal prisoner must exhaust administrative remedies before bringing Sec. 2241 petition). Since the matter is still pending before the National Appeals Board, and we assume that it will act with reasonable promptness, Martin's claims regarding the new hearing do not demonstrate the extraordinary circumstances required for the granting of a Fed.R.Civ.P. 60(b) motion. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Martin's motion to expedite this appeal is denied as moot
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have jurisdiction to review both orders because the district court did not enter a separate judgment following its January 4, 1993 order granting in part and denying in part the habeas petition. See Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987) (time to appeal does not begin to run until separate judgment is entered)