17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert J. FERRARI, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-15497.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Ferrari, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 petition for habeas corpus for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and affirm.
 
 
 3
 In 1977, Ferrari was convicted of bank robbery, sentenced to a fifteen-year federal prison term. Ferrari was released on parole in 1983. While on parole, he was convicted of burglary, and sentenced to a six-year state prison term. Pursuant to a parole revocation hearing, the Parole Commission revoked Ferrari's parole, found the time Ferrari spent on parole forfeited, and a gave him a new parole date of April 20, 1990, after 72 months of continuous custody. The order effectively made Ferrari's federal parole violation term run consecutively, rather than concurrently, to the state prison term.
 
 
 4
 In his habeas petition, Ferrari alleged that he was denied due process because the Parole Commission failed to give him notice that the possible consequences of the parole revocation proceeding could include the forfeiture of street time, and the consecutive rather than concurrent service of his federal to state term. The district court, adopting the magistrate judge's recommendation, dismissed Ferrari's habeas petition for failure to exhaust administrative remedies.
 
 
 5
 The district court did not err by dismissing Ferrari's habeas petition. Federal prisoners are required to exhaust their administrative remedies before bringing a petition for a writ of habeas corpus in the district court. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986). Failure to exhaust administrative remedies will result in dismissal of the petition without a hearing. See id. As the district court found, Ferrari did not raise the issue of the consecutive rather than concurrent service of the federal to the state term in the parole revocation proceeding. Accordingly, the district court's dismissal for failure to exhaust was proper. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3