35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony WARREN, Petitioner-Appellant,
v.
C.E. FLOYD, Respondent-Appellee.
 No. 94-15661.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Warren appeals pro se the district court's sua sponte dismissal without prejudice of his habeas corpus petition under 28 U.S.C. Sec. 2241 for failure to exhaust administrative remedies. Warren contends that the district court should have excused the exhaustion requirement based upon the emergency nature of his claim. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's dismissal without prejudice for failure to exhaust administrative remedies. See Cooney v. Edwards, 971 F.2d 345, 346 (9th Cir.1992).
 
 
 4
 To the extent that Warren's requested relief is an order directing prison officials to provide him with medication, we construe Warren's petition as a claim for injunctive relief pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991) (construing civil rights complaint as Bivens action and Sec. 2241 habeas petition). Regardless of how we construe Warren's action, however, a federal prisoner ordinarily must exhaust administrative remedies before bringing either a habeas corpus petition or a Bivens action. See Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991) (Bivens action); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (Sec. 2241 habeas petition); cf. McCarthy v. Madigan, 112 S.Ct. 1081, 1088 (1992) (prisoner seeking monetary damages only in Bivens action need not exhaust administrative remedies). Exhaustion is not required if the prisoner's interests in immediate judicial review outweigh the governmental interests of "protecting administrative agency authority and promoting judicial efficiency." McCarthy, 112 S.Ct. at 1086. Interests of the prisoner that may outweigh the exhaustion requirement include undue prejudice resulting from requiring exhaustion, and the futility of pursuing an administrative remedy because the agency is powerless to adjudicate the issue, or because the agency is biased or has already predetermined the issue. See id. at 1087-88.
 
 
 5
 Warren claims that his failure to exhaust should be excused because his deteriorating medical condition requires immediate judicial review. Warren has not shown either that resort to the administrative procedures provided by the Bureau of Prisons would result in an unreasonable delay, or that his medical condition is such that following the proscribed administrative remedies will result in irreparable harm. See id. at 1087-88 (unreasonable delay or irreparable harm may prejudice subsequent assertion of court action). Warren also fails to show that exhaustion would be futile, because he apparently concedes that the Bureau of Prisons could order the restoration of his medication if he prevailed in an administrative proceeding and nothing indicates that the Bureau of Prisons is biased or has predetermined Warren's claim. Finally, exhaustion will promote judicial efficiency in this case by allowing the Bureau of Prisons to compile a factual record sufficient for review. See id. at 1087. The district court committed no error by requiring Warren to exhaust his administrative remedies. See Terrell, 935 F.2d at 1019.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3