50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard David PARKER, Petitioner-Appellant,
v.
Joseph L. SIVLEY, Respondent-Appellee.
 No. 94-16822.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard David Parker, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 petition. He contends the district court erred when it dismissed his petition, without prejudice, for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. After reviewing de novo, Grady v. Crabtree, 958 F.2d 874, 874 (9th Cir.1992) (per curiam), we vacate and remand.
 
 
 3
 Before the merits of a 28 U.S.C. Sec. 2241 petition can be addressed, a federal prisoner must exhaust available administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (per curiam). This court, however, may grant relief, if available remedies not exhausted at the time the petition was filed, are exhausted by the time this court considers the appeal. See Schwartzmiller v. Gardner, 752 F.2d 1341, 1344-45 (9th Cir.1984) (this court may grant relief if state remedies are exhausted by the time this court acts).
 
 
 4
 On May 4, 1994, a Discipline Hearing Officer found that Parker had tested positive for marijuana on April 11, 1994. Due to this incident, Parker lost 200 days of good time credit. On June 14, 1994, Parker filed a petition in district court alleging that his due process rights had been violated in connection with the disciplinary hearing in several respects. On the face of the district court petition, Parker acknowledged he had not exhausted administrative remedies. Based on this acknowledgment, the district court dismissed Parker's petition, without prejudice, on September 8, 1994. Based on the record before it, the district court's September 8, 1994 dismissal was proper. See Martinez, 804 F.2d at 571. Unbeknownst to the district court, however, Parker's appeal had been denied by an Administrator of the National Inmate Appeals Board on August 1, 1994. Parker includes a copy of the August 1, 1994 denial on this appeal.
 
 
 5
 As it is now appears that available administrative remedies have been exhausted, we vacate the district court's September 8, 1994 order of dismissal and remand for consideration of Parker's claims on their merits. See Schwartzmiller, 752 F.2d at 1344-45.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3