62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott Tyler SMITH, Defendant-Appellant.
 No. 95-10047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott Tyler Smith, a federal prisoner, appeals the district court's order denying his "Ex Parte Motion for Order Remitting Payment of Assessment Fees in Payment of Five Dollars Quarterly" (hereinafter "ex parte motion"). Smith's appointed counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that there were no arguable issues for review. Smith submitted a supplemental brief, essentially arguing that he should be allowed to pay the special assessment in increments of $5.00 per quarter rather than $25.00 per quarter as required by the prison because of his inability to meet the requirement. We vacate and remand with instructions to dismiss for lack of jurisdiction.
 
 
 3
 Smith was convicted of armed robbery and was sentenced to 244 months of imprisonment, 60 months of supervised release, $8,401.88 in restitution, and a special assessment of $300.00 "due immediately and if not immediately paid, that payments be made pursuant to the Inmate Financial Responsibility Program." We affirmed Smith's conviction in United States v. Smith, No. 94-10190, unpublished memorandum disposition (9th Cir. Mar. 6, 1995). Smith is currently serving his sentence at a federal facility in Colorado.
 
 
 4
 A federal prisoner who attacks the manner of execution of his sentence shall file a habeas corpus petition under 28 U.S.C. Sec. 2241. See 28 U.S.C. Sec. 2241; Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990) (proper way to seek review of manner of execution of sentence is by Sec. 2241 petition), cert. denied, 499 U.S. 940 (1991); cf. 28 U.S.C. Sec. 2255 (federal prisoner may collaterally attack legality of his sentence by Sec. 2255 motion). Only the district court where the prisoner is imprisoned has jurisdiction over his Sec. 2241 petition. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (before bringing habeas corpus petition, federal prisoner must exhaust any available administrative remedy).
 
 
 5
 Here, Smith is challenging the manner of execution, not the imposition, of his sentence.[1] Thus, Smith's ex parte motion should have been construed as a Sec. 2241 petition. See 28 U.S.C. Sec. 2241; Doganiere, 914 F.2d at 169-70. Because Smith is imprisoned in the District of Colorado, his petition should be filed there after he exhausts his administrative remedies. See Dunne, 875 F.2d at 249; see also Martinez, 804 F.2d at 571. Accordingly, we vacate the district court's order and remand with instructions to dismiss Smith's ex parte motion for lack of jurisdiction. See id.[2]
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Smith's argument that district court did not consider his ability to pay when imposing the restitution and assessment is raised for the first time on appeal and thus is not reviewable. See United States v. Clack, 957 F.2d 659, 661 (9th Cir. 1992) (restitution issue raised for first time on appeal not reviewable); United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir. 1991) (declining to address objections to fine raised for first time on appeal)
 
 
 [2]
 Smith also alleges that the prison officials executed his sentence in violation of prison regulations. Such allegations, if construed as 42 U.S.C. Sec. 1983 claims, should also be raised in the District of Colorado. See 28 U.S.C. Sec. 1391(b)