83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
L.C. COHEN, Petitioner-Appellant,
v.
John BRUSH, Warden,** Respondent-Appellee.
 No. 95-16572.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 L.C. Cohen appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2241. Cohen contends that the district court erred by dismissing his petition for failing to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and affirm.
 
 
 3
 We review de novo the district court's dismissal without prejudice for failure to exhaust administrative remedies. See Cooney v. Edwards, 971 F.2d 345, 346 (9th Cir.1992).
 
 
 4
 A federal prisoner must ordinarily exhaust administrative remedies before bringing a habeas corpus petition. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (per curiam). Exhaustion is not required if the prisoner's interests in immediate judicial review--including undue prejudice from requiring exhaustion or the futility of seeking an administrative remedy--outweigh the governmental interests of "protecting administrative agency authority and promoting judicial efficiency." McCarthy v. Madigan, 503 U.S. 140, 145 (1992).
 
 
 5
 Cohen first contends that his informal requests for relief from various prison officials satisfy the exhaustion requirement. He is incorrect. Because Cohen did not pursue the formal three-step procedure for presenting prisoner complaints to the Bureau of Prisons, he failed to exhaust his administrative remedies. See Nigro v. Sullivan, 40 F.3d 990, 992 (9th Cir.1994) (describing three-step process for pursuing administrative remedies); Martinez, 804 F.2d at 571.
 
 
 6
 Cohen next claims that exhausting his administrative remedies would be futile. Cohen, however, failed to allege any facts or circumstances showing that the administrative remedy would be inadequate, or that the Bureau of Prisons is biased or has predetermined the issue. See McCarthy, 503 U.S. at 147-49.
 
 
 7
 The district court did not err by denying Cohen's motions for injunctive relief, for default judgment, for criminal contempt, and for Cohen's return. Cohen raises a number of other issues for the first time on appeal, or for the first time in his reply brief, which we do not address. See United States v. Montoya, 45 F.3d 1286, 1300 (9th Cir.) (declining to address issues not raised in opening brief), cert. denied, 116 S.Ct. 67 (1995); United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991) (declining to consider argument raised for first time on appeal).
 
 
 8
 AFFIRMED.
 
 
 
 **
 John Brush is substituted as respondent-appellee in place of C.E. Floyd pursuant to our order of March 27, 1996
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3