95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas CASO, Petitioner-Appellant,
v.
C.E. FLOYD, Warden, Respondent-Appellee.
 No. 96-15364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Caso appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2241. Caso contends that the district court erred by dismissing his petition for failing to exhaust administrative remedies. We review de novo. See Cooney v. Edwards, 971 F.2d 345, 346 (9th Cir.1992). We have jurisdiction under 28 U.S.C. § 2253, and affirm.
 
 
 3
 A federal prisoner must ordinarily exhaust administrative remedies before bringing a habeas corpus petition. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (per curiam). Exhaustion is not required if the prisoner's interests in immediate judicial review--including undue prejudice from requiring exhaustion or the futility of seeking an administrative remedy--outweigh the governmental interests of "protecting administrative agency authority and promoting judicial efficiency." McCarthy v. Madigan, 503 U.S. 140, 145 (1992).
 
 
 4
 Caso first contends that his informal requests for relief from various prison psychologists satisfy the exhaustion requirement. He is incorrect. Because Caso did not pursue the formal three-step procedure for presenting prisoner complaints to the Bureau of Prisons, he failed to exhaust his administrative remedies. See Nigro v. Sullivan, 40 F.3d 990, 992 (9th Cir.1994) (describing three-step process for pursuing administrative remedies); Martinez, 804 F.2d at 571.
 
 
 5
 Caso next contends that exhausting his administrative remedies would be futile. Caso argues that because two prison psychologists determined that he was ineligible for early release, the issue has been predetermined. Both psychologists specifically advised Caso to pursue his formal administrative remedies. Caso, however, never sought review from anyone other than these local program coordinators, and thus cannot now complain that exhaustion would be futile. Cf. Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir.1993).
 
 Accordingly, the district court's order is
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2241, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3