**Rosario GAMBINO, Petitioner— Appellant,**

v.

**UNITED STATES PAROLE COMMIS- SION, Respondent—Appellee.**

No. 05–55246.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2006.*

Decided Feb. 17, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard P. Crane, Jr., Esq., Kirkpatrick & Lockhart Nicholson Graham, LLP, Los Angeles, CA, James D. Henderson, Esq., Law Offices of James D. Henderson, Santa Monica, CA, for Petitioner–Appellant.

Timothy J. Searight, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Respondent–Appellee.

Before: THOMPSON, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM **

Rosario Gambino appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Gambino is serving a 45–year sentence for his 1984 convictions on drug conspiracy charges. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.[2]

I

Gambino contends that the United States Parole Commission ("Commission") violated his due process rights when it denied him parole in April 1999. He asserts that the Commission did not give him a fair hearing because it was biased against him by Roger Clinton's efforts to lobby the Commission on his behalf, and by a resulting FBI investigation.

A prisoner is entitled to have his parole application considered by "a neutral and detached hearing body" that is "free from bias or prejudice." *O'Bremski v. Maass,* 915 F.2d 418, 422 (9th Cir.1990) (internal quotations omitted). Administrative adjudicators are presumed to act with honesty and integrity. *See Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n,* 426 U.S. 482, 496–97, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). To overcome this presumption, a petitioner alleging bias "must show that the adjudicator has prejudged or reason-

ably appears to have prejudged, an issue." *Stivers v. Pierce,* 71 F.3d 732, 741 (9th Cir.1995) (internal quotations omitted). A petitioner may make this showing in two ways. First, "the proceedings and surrounding circumstances may demonstrate *actual bias* on the part of the adjudicator." *Id.* Second, a petitioner may show that "the adjudicator's pecuniary or personal interest in the outcome of the proceedings ... create[d] an *appearance of partiality* that violates due process...." *Id.*

■ Gambino has not presented sufficient evidence to overcome the presumption that the Commission acted with honesty and integrity in reaching its April 1999 decision denying him parole. There is no evidence in the record that the Commissioners, or Commission staff, thought that Gambino had asked Roger Clinton to contact the Commission. There is no evidence in the record that the Commissioners ever agreed that Roger Clinton's unsolicited contacts with the Commission were improper. There is no evidence in the record that any of the individuals who made decisions concerning Gambino's request for parole had contact with Roger Clinton before making a decision about his entitlement to parole. The hearing examiners who made recommendations regarding Gambino's parole neither met with Roger Clinton nor attended the January 26, 1999 meeting at which Commissioners and staff discussed the FBI investigation into Roger Clinton's actions. The record also does not show that Commissioners Reilly and Simpson were aware of Roger Clinton's actions or of the FBI investiga-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not re-

state them here except as necessary to explain our disposition.

2. We review de novo a district court's denial of a petition filed pursuant to 28 U.S.C. § 2241. *See Benny v. U.S. Parole Comm'n,* 295 F.3d 977, 981 (9th Cir.2002).

tion before issuing the January 20, 1999 Notice of Action. Although both Commissioners attended the January 26, 1999 meeting, the notes from that meeting do not show that the Commissioners expressed any opinion about Roger Clinton or Gambino. In our view the record does not support a determination that the Commissioners involved with Gambino's case demonstrated actual bias or had a pecuniary or personal interest in the outcome of the case that created any appearance of partiality. *See Stivers,* 71 F.3d at 741.

■ We also reject Gambino's contention that his right to a fair hearing was violated because, he argues, the Commissioners and Commission staff acted as undercover agents in the FBI's investigation. Before the Commission issued its January 20, 1999 Notice of Action, the FBI reviewed Gambino's parole file, interviewed Commission staff, and requested an interview with hearing examiner Robertson. The notes from the January 26, 1999 meeting do not indicate that individuals on the Commission or its staff were operating on behalf of the FBI, or even that any of them agreed with the investigation. The petitioner has not shown that the Commission was working on behalf of the FBI, or that it otherwise acted improperly, or that it was biased against Gambino.

■ Finally, Gambino argues that by withholding documents regarding his case, the Commission prevented him from receiving a fair hearing. Due process requires "an opportunity to be heard and notification of the parole board's reasons for denying parole." *Bermudez v. Duenas,* 936 F.2d 1064, 1066 (9th Cir.1991) (per curiam). It does not require that an inmate be told what documents a parole board will review at the parole hearing, or that an inmate have the opportunity to review all the records in his file. *See id.* at 1066. Gambino's due process rights were

not violated by the Commission's withholding of certain documents in his file.

We conclude that, for these reasons, Gambino has not met his burden of showing that the circumstances associated with Roger Clinton's attempted intervention before the Commission, the FBI investigation, or the Commission's withholding of documents deprived Petitioner of due process in the Commission's assessment of his parole.

## II

■ Gambino also asserts that, pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Commission violated his Sixth Amendment rights when it determined that he had an offense severity level of a Category 8. Gambino raised this claim for the first time in his objections to the Magistrate Judge's Report and Recommendation, and thus he has not exhausted his administrative remedies. Accordingly, we lack jurisdiction to reach the merits of this claim. *See Martinez v. Roberts,* 804 F.2d 570 (9th Cir.1986) (per curiam) ("[F]ederal prisoners must exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court").

AFFIRMED.