**Brian William ADERHOLD, Petitioner–Appellant,**

v.

**Jeffrey THOMAS, Warden; et al., Respondents–Appellees.**

No. 07–17257.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

Brian William Aderhold, Safford, AZ, pro se.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Brian William Aderhold, a federal prisoner, appeals from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas petition without prejudice for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district

court's decision to dismiss a § 2241 petition, *see United States v. Pirro,* 104 F.3d 297, 299 (9th Cir.1997), and we affirm.

Aderhold contends that his constitutional rights were violated when the Bureau of Prisons ("BOP") calculated his sentence without including credit for time he spent subject to conditions of pretrial supervision after he was released on his own recognizance pending trial. Aderhold concedes that he did not attempt to exhaust available administrative remedies regarding this claim with the BOP.

A federal prisoner is required to exhaust federal administrative remedies before bringing a habeas petition in federal court. *See Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir.1986) (per curiam). We reject Aderhold's contentions that he is excused from the exhaustion requirement because the BOP's administrative remedy is inadequate and because the BOP is biased against him. The authority to grant sentence credits pursuant to 18 U.S.C. § 3585(b) rests with the BOP, rather than the sentencing court. *See United States v. Wilson,* 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *see also Martinez,* 804 F.2d at 571 (noting that difficulties a prisoner may experience in meeting the time requirements for an administrative appeal are properly first brought before the BOP). Further, Aderhold has not demonstrated that the BOP was biased or failed to follow its own regulations in calculating his sentence. *See Reno v. Koray,* 515 U.S. 50, 56–57, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (holding that time spent under restrictive conditions while released on bail is not "official detention" within the meaning of § 3585(b)). We conclude that the district court properly dismissed Aderhold's petition for failure to exhaust ad-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ministrative remedies with the BOP. *See Martinez,* 804 F.2d at 571.

Aderhold's motion to expedite this appeal is denied as moot.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.