**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY VAUGHN PINSON, | No. 21-16138 |
| Petitioner-Appellant, | D.C. No. 4:19-cv-00584-RM |
| v. | |
| BARBARA VON BLANCKENSEE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Federal prisoner Jeremy Vaughn Pinson appeals pro se from the district court's orders denying her 28 U.S.C. § 2241 habeas petition challenging a prison disciplinary hearing and her motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a § 2241 petition de novo, *see*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), and the denial of a reconsideration motion for abuse of discretion, *see Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The record demonstrates that Pinson did not properly exhaust her administrative remedies before filing her § 2241 petition.  *See* 28 C.F.R. §§ 542.15, 542.18; *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).  Even assuming Pinson's failure to exhaust should be excused, however, we agree with the district court that her claims fail on the merits.

The record shows that Pinson's disciplinary proceedings comported with due process, and that "some evidence" supports the disciplinary officer's findings.  *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements for prison disciplinary proceedings).  The district court did not err by relying on the prison records or by failing to give more weight to Pinson's uncorroborated declarations challenging their veracity.  *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) (concluding that self-serving statements, without more, were insufficient to demonstrate a constitutional violation in a habeas action).  Finally, the district court properly concluded that Pinson failed to articulate a First Amendment retaliation claim.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)

(stating the elements of a retaliation claim in the prison context).

**AFFIRMED.**