NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THEODORE E. ESSENFELD, AKA Theordore E. Essenfeld, <br><br> Petitioner - Appellant, <br><br> v. <br><br> DULGOV, Warden; UNKNOWN PARTIES, named as any Interim Warden; and any Acting Warden at the Federal Corrections Institution, Safford, AZ, <br><br> Respondents - Appellees. | No. 26-934 <br><br> D.C. No. 4:25-cv-00294-JGZ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 26, 2026**

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Theodore E. Essenfeld appeals pro se from the district court's judgment

denying his 28 U.S.C. § 2241 habeas petition. We have jurisdiction under 28

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. Reviewing de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), we affirm.

Essenfeld contends that he is entitled to First Step Act ("FSA") time credits from the date of his sentencing through the date he arrived at his designated facility. We agree with the district court that this claim is unexhausted and that Essenfeld did not show it would have been futile to exhaust administrative remedies. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The district court also correctly determined that Essenfeld had not shown he had completed programming qualifying for FSA time credits during the period in question. We decline to address arguments that Essenfeld did not properly raise before the district court. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 508 (9th Cir. 1994).

The motions for judicial notice are denied. The emergency motion to stay disciplinary sanctions and prevent remand to secure custody is denied. *See* Fed. R. App. P. 8(a)(1)(C), (a)(2)(A)(i); *Nken v. Holder*, 556 U.S. 418, 425-26 (2009).

**AFFIRMED.**

26-934